## KELSEA *v.* FLETCHER.

Where a witness testifies that at or about the time of a transaction or conversation he made a memorandum in writing of the same; that he should not have recollected the particulars of the transaction or conversation if he had not refreshed his memory by referring to the memorandum, but that having thus refreshed his memory, he is now able to state those particulars from recollection; the memorandum is not competent evidence to be submitted to the jury.

The memorandum becomes evidence only when the witness is unable, after examining it, to state the particulars from recollection, and when he can swear that he knew it to be correct at the time it was made.

The price at which a cow was sold three years after may be competent evidence as to her value at the time in question, whether such sale were before or after suit brought.

ASSUMPSIT, for not accepting three young cattle and a cow, which the defendant bought of the plaintiff.

Plaintiff and defendant agreed that defendant should buy of plaintiff three young cattle and a cow for $160, and defendant paid plaintiff $15 to bind the bargain and in part payment. The plaintiff was to deliver the cattle at another time and place. The three young cattle were selected and agreed upon, and there was no controversy as to them. Plaintiff had two cows—one red and one brindled—the brindled being more valuable than the red. The only question, besides damages, submitted to the jury, was whether the parties understood that defendant bought the red cow or the brindled one. There was evidence tending to show the actual value of each of the cattle, and the prices at which they were separately reckoned in the negotiation. This evidence was introduced for the purpose of showing which cow was understood to be sold.

The defendant testified to the prices at which the cattle were separately estimated in the negotiation, and that he made a memorandum thereof at the time; that he should not have remembered those prices if he had not refreshed his memory by the memorandum, and that having thus refreshed his memory he could state them from memory. The defendant offered the memorandum as evidence; the court excluded it, and defendant excepted.

Subject to defendant's exception, plaintiff was allowed to testify that

she sold the brindled cow three years after the bargain with defendant, for $52.50. The verdict was for the plaintiff, and the defendant moved to set it aside.

Case reserved.

*Ladd*, for plaintiff.

*Benton*, for defendant.

SARGENT, J.   Was the memorandum in this case competent evidence?

The leading case on that point is *Haven* v. *Wendell*, 11 N. H. 112, where it is held that " where a witness testified that he was present at a conversation, and made a memorandum of it immediately after it took place; that he had now no recollection of all the particulars; but that he had no doubt that the facts stated in the memorandum were there, and that he should have sworn to them from recollection within a short time afterwards; the memorandum was admitted in connection with his testimony to show the particulars of the conversation." It will be well here to stop and examine what the memorandum in that case was admitted to show, and why it was thus admitted?

1.   It was admitted to show THE PARTICULARS *of the conversation*.

2.   Because the witness HAD FORGOTTEN *those particulars*. It seems that an examination of the memorandum did not so refresh the memory of the witness as that he could then state from *recollection* the *particulars* of the conversation. He could state as far as he could recollect, and the memorandum could only be admitted to show something that the witness did not *then* remember, though he recollected that when it was made he knew it to true.

If independent of his memorandum he still retained a perfect recollection of all the particulars of the conversation, he could state them, and should be required to state them from his recollection and not from a memorandum he may have previously made. And if after he had examined his memorandum his memory was so refreshed that he could recall and state from his recollection thus quickened or revived, all the circumstances fully, then he should so state them from his recollection, and the memorandum becomes unnecessary as evidence for the jury, and incompetent.

This point is made very clear in *Haven* v. *Wendell*, *supra*, from reading the case, where it is said on page 113, that the witness stated that he could not after reading the memorandum undertake to say that he now recollected the facts or knew them, otherwise than by finding them in his handwriting.

In some of the subsequent cases where a similar question arose, the same general doctrine was held; but the rule is not always stated so fully, and the admission of the memorandum in evidence made to de-

pend so entirely upon the fact that the witness has since forgotten the facts stated in such memorandum. *Watson* v. *Walker*, 23 N. H. 495; *Webster* v. *Clark*, 30 N. H. 253.

But in *State* v. *Shinborn*, 46 N. H. 504, this distinction is again particularly noticed, and the true. rule as established in *Haven* v. *Wendell* is stated, viz. : that such memorandum may be read in evidence when the witness can verify the same, as having been true when it was made, and " has since forgotten the transaction." We understand the rule to be well settled here, that a witness may consult any memorandum, and then if he is able to swear to a fact from recollection, the memorandum does not become evidence to go to the jury. But when the witness knows that the memorandum was made at or near the time of the transaction, and knows that it was correct when made, but has since forgotten the circumstances, so that even after examining the memorandum, he is still unable to recall them to mind so as to state them from memory, then the memorandum may be admitted, for it is the best evidence the case admits of. In the case before us, although the particulars stated in the memorandum had passed from the memory of the witness until he saw the memorandum, yet upon examining that, his memory was refreshed so that he could state all the particulars from memory. There was therefore no need of the memorandum, and it was properly rejected.

The price at which the brindled cow was sold by plaintiff three years after the transaction, was properly admitted in evidence. If the objection was that the sale was *after* a controversy had arisen concerning the value, or if it was that the sale was too far removed from the scene of the bargain in question, either in point of time or distance, we think the exception must be overruled, and that it was within the discretion of the court to admit the testimony. *Robinson* v. *Railroad*, 7 Gray 92; *White* v. *Railroad*, 30 N. H. 208; *Carr* v. *Moore*, 41 N. H. 131; *Cross* v. *Wilkins*, 43 N. H. 332; *French* v. *Piper*, 43 N. H. 439; *Kingsbury* v. *Moses*, 45 N. H. 222; *Thornton* v. *Campton*, 18 N. H. 20.

*Judgment on verdict.*